**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARTHUR L. HAIRSTON, SR., | : | HON. JEROME B. SIMANDLE |
| Plaintiff, | : | CIVIL ACTION NO. 08-1348 (JBS) |
| v. | : | **OPINION** |
| WARDEN GRONOLSKY, | : | |
| Defendant. | : | |

**APPEARANCES:**

> ARTHUR L. HAIRSTON, SR., #03705-087, <u>Pro Se</u>
> F.C.I. Fort Dix
> P.O. Box 38
> Fort Dix, New Jersey 08640

**SIMANDLE, District Judge**

Plaintiff Arthur L. Hairston, Sr., who is presently confined at Federal Correctional Institution at Fort Dix, seeks to file a complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of poverty, prison account statement and the absence of three qualifying dismissals, <u>see</u> 28 U.S.C. § 1915(g), this Court will grant <u>in forma pauperis</u> status to Plaintiff.[1] As required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A,

---

[1] This Court administratively terminated this matter by Order entered March 20, 2008, because Plaintiff did not prepay the $350.00 filing fee or submit an application to proceed <u>in forma pauperis</u>. <u>See</u> 28 U.S.C. § 1914(a); Local Civil R. 5.1(f). As Plaintiff submitted his affidavit of poverty and prison account statement on April 1, 2008, this Court reopened the file by Order entered April 4, 2008.

this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint.

## I.   BACKGROUND

Plaintiff challenges the constitutionality of the filing fee installment payment requirements of the Prison Litigation Reform Act ("PLRA"), see 28 U.S.C. § 1915(b), as applied to him.  He asserts the following facts, which this Court is required to regard as true for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007).  Plaintiff asserts that he receives $0.11 per hour from the Bureau of Prisons ("BOP") and that his family has sent him money to use for hygiene, soap powder and commissary items.  He alleges that BOP officials automatically deduct money, which he cannot afford, from his prison account to make installment fee payments ordered by this Court pursuant to the PLRA.  Specifically, Plaintiff asserts:

> The nature of Plaintiff's poverty status should allow Plaintiff to proceed in forma pauperis period in a nutshell.  It is overwhelming that Plaintiff is below poverty. Every dime the Plaintiff gets is spent on phone calls to loved ones.  My children are only talked to twice (2) a month maybe 3. A[n] inmate's true financial status should be taken into account before money is taken from an inmate's account.
>
> These issues of material fact should be considered. § 1915 says nothing about where the monies went for the Six Months period. None of this is considered.  This is what makes § 1915 repugnant in nature. [T]he Plaintiff only gets 11 [cents] per hour. [I]t would be different if Plaintiff Hairston had

2

>  the money to pay filing fees . . . .  The
> Plaintiff asserts that the 8th amendment
> rights of the Plaintiff Hairston [are] being
> violated.  It is cruel and unusual to take
> money from a inmate who has no gainful
> employment.  The issues of fact states a
> claim where relief can be granted.
>
>   1) The Plaintiff and family are living
> in poverty.  The Plaintiff receiving slave
> wages 11 [cents] per hour.  Plaintiff's
> family living from paycheck to paycheck
> borderline poverty;
>
>   2) § 1915 being repugnant as applied to
> the Plaintiff which in essence is
> overreaching and burdens Plaintiff's family.

(Compl., p. 3.)

Plaintiff seeks the following relief:

> The Plaintiff "Hairston" wants the Court to
> quickly rule that the taxing of convict
> "Hairston's" inmate account be stopped.  A
> prompt return of all monies paid to the
> justice department and the Court pursuant to
> the PLRA.  That Bill Clinton stated he was
> tricked into signing.  This § 1915 is a
> deterrent used by the Courts to deter inmates
> from filing who have no money or gainful
> employment.

(Id., pp. 3-4.)

In his affidavit of poverty, Plaintiff states that he receives $36.00 to $50.00 per month from the BOP, he has no other income or assets, and he needs the money he receives to pay for telephone calls to his loved ones.  Plaintiff's prison account statement, dated March 28, 2008, shows a phone balance of $2.70, deposits for the past six months of $358.00, withdrawals for the past six months of $352.00, and an average daily balance for the

past six months of $16.79.  (Inmate Inquiry, Arthur Hairston, dated March 28, 2008.)  According to the account statement, PLRA payments of $74.76 have been deducted from his account between July 10, 2007, and March 11, 2008.  (Id.)

## II.   STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

Rule 8(a) of the Federal Rules of Civil Procedure, however, requires that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ."  Fed. R. Civ. P. 8(a).  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

4

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989); <u>see also</u> <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990). As for failure to state a claim, the United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), as follows:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Pinker</u>, 292 F. 3d at 374 n.7. <u>See also</u> <u>Twombly</u>, 127 S. Ct. at 1969 n.8 (citing as consistent with its rejection of the "no set of facts" language the statement that "if, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial , establish a case which would entitle them to . . . relief, the motion to dismiss should not have been granted") (citation omitted).
>
> \*                    \*                    \*
>
> The issues raised by <u>Twombly</u> are not easily resolved, and likely will be a source of controversy for years to come. Therefore, we decline at this point to read <u>Twombly</u> so

>        narrowly as to limit its holding on
>        plausibility to the antitrust context.
>        Reading Twombly to impose a "plausibility"
>        requirement outside the § 1 context, however,
>        leaves us with the question of what it might
>        mean.  "Plausibility" is related to the
>        requirement of a Rule 8 "showing."  In its
>        general discussion, the Supreme Court
>        explained that the concept of a "showing"
>        requires only notice of a claim and its
>        grounds, and distinguished such a showing
>        from "a pleader's bare averment that he wants
>        relief and is entitled to it."  Twombly, 127
>        S. Ct. at 1965 n.3.  While Rule 12(b)(6) does
>        not permit dismissal of a well-pleaded
>        complaint simply because "it strikes a savvy
>        judge that actual proof of those facts is
>        improbable," the "[f]actual allegations must
>        be enough to raise a right to relief above
>        the speculative level."  Id. at 1965.
>
>        The Supreme Court's Twombly formulation of
>        the pleading standard can be summed up thus:
>        stating . . . a claim requires a complaint
>        with enough factual matter (taken as true) to
>        suggest the required element.  This does not
>        impose a probability requirement at the
>        pleading state, but instead simply calls for
>        enough facts to raise a reasonable
>        expectation that discovery will reveal
>        evidence of the necessary element . . . .
>
>        The complaint at issue in this case clearly
>        satisfies this pleading standard, making a
>        sufficient showing of enough factual matter
>        (taken as true) to suggest the required
>        elements of Phillips' claims.

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d

Cir. 2008) (citation and internal quotation marks omitted).

The Court is mindful that the sufficiency of this pro se

pleading be construed liberally in favor of the plaintiff, even

after Twombly.  See Erickson v. Pardus, ___ U.S. ___, 127 S.

6

Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  A pro se prisoner plaintiff needs to allege only enough factual matter (taken as true) to suggest the required elements of the claim(s) asserted, Twombly, supra; the Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."  Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001).  The Supreme Court found an implied

7

damages remedy available under the Fourth Amendment.  See Bivens, 403 U.S. at 397.  The Supreme Court has recognized an implied damages remedy under the Due Process Clause of the Fifth Amendment, Davis v. Passman, 442 U.S. 228 (1979), and the Cruel and Unusual Punishment Clause of the Eighth Amendment, Carlson v. Green, 446 U.S. 14 (1980).  To state a claim for damages under Bivens, 403 U.S. 388, a plaintiff must show that federal officers violated his constitutional rights.  See Malesko, 534 U.S. at 66.

A.  Constitutionality of PLRA

Plaintiff asserts that application of the installment payment fee payment requirements of the PLRA, see 28 U.S.C. § 1915(b), to him violates his Eighth Amendment rights because he earns only $0.11 per hour as institutional wages and he needs this money to call his loved ones, who are living paycheck to paycheck.  In relevant part, the PLRA provides:

> (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

28 U.S.C.A. § 1915(b).

Although the United States Court of Appeals for the Third Circuit has not yet considered the constitutionality of the PLRA in a published opinion, every circuit court considering the constitutionality of the PLRA has held that the filing fee payment requirements are constitutional. See, e.g., Murray v. Dosal, 150 F. 3d 814, 818-19 (8th Cir. 1998) (filing fee requirements of PLRA do not constitute unconstitutional barrier to access to courts or violate equal protection or due process); Tucker v. Branker, 142 F. 3d 1294, 1298 (D.C. Cir. 1998) ("Tucker's claim that the minimal payments required by the PLRA force him to choose between a lawsuit and the 'necessities of life' is manifestly exaggerated. First, the State of North

Carolina is constitutionally bound to provide Tucker, as its prisoner, with the necessities of life, including adequate food, clothing, shelter, and medical care, and Tucker does not in his complaint or elsewhere suggest that the State is failing to do so") (citation and internal quotation marks omitted); Shabazz v. Parsons, 127 F. 3d 1246, 1248 (10th Cir. 1997) ("Mr. Shabazz also challenges the fee provisions as violative of his constitutional rights, asserting that he should not be forced to choose between spending his limited prison account on the small amenities of life available to him in prison and pursuing an appeal.  We are not persuaded"); Norton v. Dimazana, 122 F. 3d 286, 289-91 (5th Cir. 1997) (particularly given 28 U.S.C. § 1915(b)(4), filing fee provisions of PLRA do not deny access to courts); Nicholas v. Tucker, 114 F. 3d 17 (2nd Cir. 1997) ("Nicholas does not assert a complete lack of funds.  Rather he decries his inability to expend his limited funds in such manner as he chooses . . . .  We find nothing in Nicholas's peculiar situation that removes his case from the broad holding of statutory constitutionality"); Hampton v. Hobbs, 106 F. 3d 1281 (6th Cir. 1997) (fee provisions of PLRA do not deny access to courts or violate First Amendment, equal protection, substantive or procedural due process, or double jeopardy).  As the United States Court of Appeals for the Fourth Circuit explained,

> Requiring prisoners to make economic
> decisions about filing lawsuits does not deny

>    access to the courts; it merely places the
>    indigent prisoner in a position similar to
>    that faced by those whose basic costs of
>    living are not paid by the state.  Those
>    living outside of prisons cannot file a
>    lawsuit every time they suffer a real or
>    imagined slight.  Instead, they must weigh
>    the importance of redress before resorting to
>    the legal system.  If a prisoner determines
>    that his funds are better spent on other
>    items rather than filing a civil rights suit,
>    he has demonstrated an implied evaluation of
>    that suit that the courts should be entitled
>    to honor.

Roller, 107 F. 3d 227, 233 (4th Cir. 1997) (citation and internal quotation marks omitted).

This Court holds that the filing fee requirements of the PLRA, facially and as applied, do not deprive Plaintiff of any constitutional rights.  Id.  The Court will therefore dismiss the Complaint for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

For the reasons set forth above, the Court reopens the file, grants Plaintiff's application to proceed in forma pauperis, dismisses the Complaint, and re-closes the file.

                                    s/ Jerome B. Simandle
                                    **JEROME B. SIMANDLE**
                                    United States District Judge

Dated: **May 8**, **2008**

11